Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 1 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page5 of 13
Case5:05-cv-01709-RMW   Document122   Filed02/03/10   Page1 of 3

09/02/09  10:00 AM                                                                                           Page 1.

1  **STITES & HARBISON PLLC**
   Marvin Petry, Esq.
2  PRO HAC VICE
   TransPotomac Plaza, Suite 900
3  1199 No. Fairfax Street
   Alexandria, VA 22314-1437
4  Telephone: (703) 837-3902/FAX (703) 739-9577

5  **HENNELLY & GROSSFELD LLP**
   Kenneth B. Grossfeld, CSB#110641
6  Brian M. Englund, CSB#070753
   3600 American River Drive, Suite 145
7  Sacramento, California 95864-5950
   Telephone: (916) 488-1000/FAX (916) 488-3269
8
   Attorneys for Plaintiff
9  ADVANTICA, INC.

10 **BERLINER COHEN**
   Frank R. Ubhaus, CSB#46085
11 Shannon N. Cogan, CSB#214976
   Ten Almaden Boulevard, Eleventh Floor
12 San Jose, California 95113-2233
   Telephone: (408) 286-5800/FAX (408) 998-5388
13
   Attorneys for Defendants
14 GOLD WING ENGINEERING, JSJ PIPELINE COMPANY,
   ERIC GUTIERREZ, JOEL GUTIERREZ, and SALVADOR GUTIERREZ
15

***E-FILED - 3/4/10***

16
17                    UNITED STATES DISTRICT COURT
18                    NORTHERN DISTRICT OF CALIFORNIA
19
20 ADVANTICA, INC., a Delaware corporation[1],     CASE NO. 05-01709 RMW
21                Plaintiff,                       **CONSENT JUDGMENT ORDER**
22         -vs-
23 GOLD WING ENGINEERING, a California
   corporation, ERIK GUTIERREZ, an
24 individual, JOEL GUTIERREZ, an individual,
   SALVADOR GUTIERREZ, an individual, and
25 JSJ PIPELINE COMPANY, a partnership
26                Defendants.
27 _____
28

ISTATS:0738:103043:1:ALEXANDRIA

xxxxxxxx

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 2 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page6 of
Case5:05-cv-01709-RMW   Document122   Filed02/03/10   Page2 of 3

09/02/09  10:01 AM                                                          Page 2

1   Plaintiff having filed its original Complaint and Amended Complaint for patent
2   infringement and other relief as appears more fully in said Complaint and Amended
3   Complaint and prayers for relief therein; and Defendants having answered the Complaint
4   and Amended Complaint and admitted jurisdiction of this Court over the subject matter of
5   this Action, and Plaintiff and Defendants having agreed upon a settlement of this Action
6   as set forth in the Settlement Agreement and Mutual Release effective June 26, 2009, a
7   copy of which is attached hereto as Exhibit A.
8   NOW, THEREFORE, upon consideration of the Settlement Agreement and
9   Mutual Release between the parties, the Court hereby Orders, adjudges and decrees
10  that:
11  1.   This Court has jurisdiction over Plaintiff and Defendants and the subject
12  matter of this Action.
13  2.   The parties shall bear their own costs and attorneys' fees and no costs or
14  attorneys' fees or damages are awarded to any party.
15  3.   In the event that Defendants default by not timely making the payments
16  required by paragraph 1(a) of the Settlement Agreement and Mutual Release,
17  Defendants are ordered to pay to Plaintiff $250,000, less any amount previously paid to
18  Plaintiff under paragraph 1(a).

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 3 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page7 of 13
Case5:05-cv-01709-RMW   Document122   Filed02/03/10   Page3 of 3

09/02/09 10:01 AM                                                  Page 3

4. This Court retains jurisdiction over this matter for purposes of enforcing this judgment, and the attached Settlement Agreement and Mutual Release.

Dated: JAN 29, 2010 ~~August _____, 2009~~

STITES & HARBISON PLLC

*/s/ Marvin Petry/*
Marvin Petry
Attorneys for Plaintiff
GL Industries Services USA, Inc.,

Dated: Feb. 18, 2010 ~~August _____, 2009~~

BERLINER COHEN

*/s/ Kathleen F. Sherman/*
Frank R. Ubhaus
~~Shannon N. Cogan~~ Kathleen F. Sherman
Attorneys for Defendants
Gold Wing Engineering, JSJ Pipeline Company, Eric Gutierrez, Joel Gutierrez, and Salvador Gutierrez

## ORDER

Having considered the above and good cause appearing therefore, the above stipulation of counsel shall become and hereby is an ORDER and JUDGMENT of this Court.

IT IS SO ORDERED.

Dated: ~~August _____, 2009~~
3/4 _____, 2010

*/s/ Ronald M. Whyte/*
Honorable Ronald M. Whyte
United States District Judge

- 3 -

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 4 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page8 of 13
Case5:05-cv-01709-RMW   Document123   Filed02/03/10   Page1 of 6

# EXHIBIT A

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 5 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page9 of 13
Case5:05-cv-01709-RMW   Document123   Filed02/03/10   Page2 of 6

09/02/09   10:01 AM                                            Page 5

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement"), is made and entered into as of the 26th day of June, 2009 by and among Plaintiff and Defendants in Civil Action No. 05-01709 RMW ("the Civil Action") in the United States District Court for the Northern District of California. Plaintiff, GL Industrial Services USA, Inc., a corporation of Delaware, having a place of business at 600 Bent Creek Boulevard, Suite 100, Mechanicsburg, Pennsylvania 17050 is the successor to all right, title and interest in U.S. Patent No. 4,738,565 ("the '565 Patent") from the previous owner Lattice Intellectual Property Limited, by an Assignment which was recorded in the United States Patent and Trademark Office on August 21, 2003, Advantica Limited, a licensee incorporated in England, and Advantica, Inc., a licensee incorporated in Delaware. Defendants include Gold Wing Engineering, a corporation of California having a place of business at 29441 Pacific Street, Hayward, California 94544, JSJ Pipeline Company, a partnership formed under the laws of the State of California and having a place of business at 29441 Pacific Street, Hayward, California 94544, Eric Gutierrez, an individual with a mailing address of 29441 Pacific Street, Hayward, California 94544, Joel Gutierrez, an individual with a mailing address of 29441 Pacific Street, Hayward, California 94544, and Salvador Gutierrez, an individual with a mailing address of 29441 Pacific Street, Hayward, California 94544.

### WITNESSETH:

WHEREAS, Plaintiff, Advantica, Inc., the predecessor in interest of GL Industrial Services USA, Inc., instituted the Civil Action alleging infringement by all of the Defendants, jointly and severally, of the '565 Patent; and

- 1 -

15261:T:6V3K:103034:1:ALEXANDRIA

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 6 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page10 of 13
Case5:05-cv-01709-RMW   Document123   Filed02/03/10   Page3 of 6

09/02/09  10:02 AM                                                                Page 6

WHEREAS, Plaintiff and Defendants now wish to settle the Civil Action on the terms and conditions set forth hereinafter;

NOW, THEREFOR, in consideration of the promises and mutual covenants herein contained, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants agree as follows:

1. In consideration of the release granted by Plaintiff to Defendants herein, Defendants agree as follows:

   a) Defendants shall pay Plaintiff the total sum of One Hundred and Fifty Thousand Dollars ($150,000) in the following installments, Fifty Thousand Dollars ($50,000) by September 30, 2009; $50,000 by June 30, 2010; and $50,000 by June 30, 2011.

   b) All payments shall be to GL Industrial Services USA, Inc., to the attention of Scott Rickenbach, or any other person to be subsequently designated by Plaintiff, and sent (1) by check to GL Industrial Services USA, Inc., P.O. Box 7777-W5015, Philadelphia, PA 19175-5015 or (2) by wire transfer to: Citizens Bank, Philadelphia, PA USA, ABA #036076150, Account #620221-053-6, or any other address to be subsequently designed by Plaintiff, no later than the payment dates specified in paragraph 1(a) above. Any notices from Plaintiff to Defendants concerning any change of name or payment remittance designation shall be sent to Frank R. Ubhaus, Esquire and Shannon N. Cogan, Esquire at the firm of Berliner Cohen by first class mail, courier, or e-mail.

   c) All of the five Defendants shall be jointly and severely responsible for each and every one of the payments specified in paragraph 1(a) above.

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 7 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page11 of 13
Case5:05-cv-01709-RMW   Document123   Filed02/03/10   Page4 of 6

09/02/09   10:02 AM                                                                    Page 7

d) In the event that any of the three payments are not received by GL Industrial Services USA, Inc., within seven (7) days after its due date as specified in paragraph 1(a) above, then Plaintiff and Defendants hereby agree that Defendants are in default of this Agreement. In the event of such default, and in accordance with the terms of the Consent Judgment Order Defendants, shall be liable, jointly and severally, to immediately pay Plaintiff the sum of Two Hundred and Fifty Thousand Dollars ($250,000), less any amounts previously made by Defendants under paragraph 1(a) above.

e) No interest shall be payable with respect to the three payments specified in paragraph 1(a) above. However, if Defendants default, then interest shall be payable from the date of default until the date of full payment of $250,000 at an interest rate to be determined by the Federal Rules of Civil Procedure.

2. Plaintiff and Defendants, on behalf of themselves, and their respective heirs, executors, officers, directors, employees, investors, shareholders, administrators, predecessors and successor corporations, parent companies, subsidiaries and affiliated companies, agents and assigns, hereby fully and forever release, acquit and forever discharge each other and their respective heirs, executors, officers, directors, employees, investors, shareholders, administrators, predecessors and successor corporations, parent companies, subsidiaries and affiliated companies, agents and assigns, of and from any claim, duty, obligation, demand, covenant, damages or cause of action relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, that either Plaintiff and/or Defendants may have resulting from, or connected in any way with the matters and things set forth and alleged, or which might have been set forth and alleged by Plaintiff and/or Defendants with regard to the Civil Action. Plaintiff and Defendants further agree that the release set forth in this paragraph

- 3 -

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 8 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page12 of 13
Case5:05-cv-01709-RMW   Document123   Filed02/03/10   Page5 of 6

09/02/09   10:02 AM                                                                    Page 8

shall be and remain in effect in all respects as a complete general release as to the matters released. This release does not extend to any obligations incurred under this Agreement.

3. Plaintiff and Defendants represent and warrant that they have the full right and power to grant and accept the releases referred to herein and that there are no outstanding agreements, assignments, or encumbrances inconsistent with the provisions of the releases.

4. Each of Plaintiff and Defendants shall bear its own costs, including attorneys' fees and other fees incurred in connection with this Agreement and the Civil Action.

5. Each of Plaintiff and Defendants represent that it has had an opportunity to consult with an attorney and has carefully read and understood the scope and effect of the provisions of this Agreement. Neither Plaintiff nor Defendants has relied upon any representation or statement made by the other party hereto which is not specifically set forth in this Agreement.

6. In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this agreement shall continue in force and effect without such provision.

7. This Agreement represents the entire agreement and understanding between Plaintiff and Defendants concerning the '565 Patent and all matters alleged in the Civil Action.

8. The Court shall retain jurisdiction of the Civil Action for purposes of enforcing the attached Settlement Agreement and Mutual Release.

9. This Agreement is executed voluntarily and without any duress or undue influence on the part of the Plaintiff or the Defendants hereto with the full intent of releasing all claims. Each of the Plaintiff and Defendants acknowledge that it has read this Agreement, it has been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of its own choice, that it understands the terms and consequences of this Agreement and

Case 5:05-cv-01709-RMW   Document 138   Filed 03/04/10   Page 9 of 9
Case5:05-cv-01709-RMW   Document129   Filed02/18/10   Page13 of 13
Case5:05-cv-01709-RMW   Document123   Filed02/03/10   Page6 of 6

09/02/09  10:03 AM                                                         Page 9

of the release it contains, and that it is fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, each party to this Agreement and its counsel has executed this Agreement as of the dates set forth opposite their respective names.

Date: December 10, 2009

GL Industrial Services USA, Inc.
By: Edward Pagano
President

Date: JAN 28, 2010

Stites & Harbison PLLC
By: Marvin Petry, Esquire

Date: _____

Gold Wing Engineering
By: Salvador Gutierrez

Date: _____

JSJ Pipeline Company
By: Salvador Gutierrez

Date: _____

Eric Gutierrez

Date: _____

Joel Gutierrez

Date: _____

Salvador Gutierrez

Date: 2/18/10

Berliner Cohen
By: Shannon N. Cogan, Esquire.      Approved as to form.
Kathleen F. Sherman

5