E-FILED on    3/26/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANTICA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOLD WING ENGINEERING, a California corporation, ERIK GUTIERREZ, an individual, JOEL GUTIERREZ, an individual, and J&J PIPELINE COMPANY, a California corporation,<br><br>Defendants. | No. C-05-01709 RMW<br><br>ORDER DENYING MOTION FOR ATTORNEY'S FEES |

Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. §1927 has been submitted for decision without oral argument. Having considered the papers submitted by the parties, the motion is denied.

Under section 1927, whenever an attorney unreasonably and vexatiously multiplies the proceedings, the court has authority to require the attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Plaintiff has not met this standard.

Plaintiff initially sought an award of $10,948 in attorney's fees, which it increased to $26,202.50 in its supplemental letter brief filed on March 9, 2010 (Docket 139). Plaintiff contends that these fees resulted from what it considers to be defense counsel's unreasonable refusal to cooperate in the finalization and execution of the parties' written settlement agreement after the

ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS—C-05-01709 RMW
TER

parties reached an oral agreement in a settlement conference before Magistrate Judge Lloyd on June 26, 2009.

The evidence submitted by the parties establishes that defense counsel was not particularly prompt in their responses to plaintiff's counsel's efforts to obtain executed copies of the settlement agreement. The individual attorney who was largely coordinating these efforts was experiencing medical problems at the time, which undoubtedly hampered the speed with which she could reply to plaintiff's counsel's e-mail messages, but it is also clear that there were other attorneys who were part of the defense case team who presumably could have responded more promptly to plaintiff's counsel's efforts to obtain fully executed documents. Nevertheless, the evidence also shows that plaintiff's counsel received a copy of the settlement agreement on October 21, 2009, executed by all defendants except Eric Gutierrez (whom plaintiff agreed did not have to sign), yet plaintiff's counsel found this inadequate because the agreement was not also signed by defense counsel. Thereafter, much of the delay and claimed legal expenses, resulted from plaintiff's counsel's insistence that defendants and their counsel personally execute the settlement documents before plaintiff itself signed the agreement. Plaintiff's counsel has offered no explanation for why it was necessary for counsel to sign the settlement agreement, nor has he established that there was any agreement to do so (except, perhaps, by silence in response to his e-mail proposal that the defendants and counsel should sign and return the agreement before plaintiff signed it). In the court's view, it appears that the parties had already reached a binding agreement, albeit oral, and the written agreement would have become binding upon the parties' execution regardless of whether counsel also signed the agreement. Thus, it was within plaintiff's power to resolve this dispute over the settlement agreement as of October 21, 2009. The delays and expense incurred since that date are equally the fault of both sides.

Additionally, the court notes that the tenor of several of the e-mail messages from plaintiff's counsel rendered it significantly unlikely that he would receive a pleasant, prompt or cooperative response. While this does not excuse an unduly delayed response, it may explain why defendants' counsel may not have placed responding to plaintiffs' counsel's demands at the top of their list of things to do.

Moreover, plaintiff has failed to establish that the fees sought are reasonable. Although the hourly rates are reasonable, counsel has not established that the claimed hours were actually incurred. Mr. Petry's time entries are generally billed in half-hour or whole hour increments: thirteen of the 33 entries are for .50 hours, eight entries are for 2.0 hours, six entries are for 1.0 hours, two entries are for 2.50 hours, one entry is for 3.0 hours, and one entry is for 4.0 hours. The remaining two entries are for .30 and .70 hours. The declarations of Mr. Petry do not explain his billing practices nor do they state that the invoices submitted reflect the actual time he incurred on the recited tasks. In any event, it was not reasonable under the circumstances to incur more than $26,000 in legal fees to obtain an executed settlement agreement.

Plaintiff has thus failed to establish that an award of attorney's fees is proper and has also failed to establish that the attorney's fees sought are reasonable. Accordingly, plaintiff's motion for attorney's fees is denied.

DATED: 3/26/10

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Marvin Petry          mpetry@stites.com

Kenneth B. Grossfeld  kgrossfeld@hgla.com

Brian M. Englund      benglund@hgla.com


**Counsel for Defendants:**

Shannon N. Cogan      shannon.cogan@berliner.com
Frank R. Ubhaus       fru@berliner.com
Kathleen Sherman      kathy.sherman@berliner.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/26/10                                     TER
                                              **Chambers of Judge Whyte**